Kenneth S. Shorter, J.
This proceeding was commenced by Edwin Gould Services for Children ("Edwin Gould”), an authorized agency,* against Patricia Sydney, respondent, the biological mother of Denise Sydney for an order pursuant to sections 631 and 634 of the Family Court Act permanently terminating parental custody and awarding custody of Denise to Edwin Gould for purposes of adoption.
A fact-finding hearing was commenced on December 2, 1975 and was concluded on December 5, 1975.
The facts establish prima facie that for the period June, 1971 through November, 1973, during which she was financially and physically able, respondent failed to maintain contact with Denise, continuously or repeatedly. Immediately before this period the respondent had been visiting with reasonable regularity at the foster home; and occasionally at the agency. She had officially reported more than once to the agency that on several occasions the foster parent in respondent’s presence had teased the child about possibly leaving the foster home to live with Pat (referring to the natural mother by her nickname) and repeating the performance subsequent to respondent’s complaint. Her complaint emphasized the negative emotional effect on respondent.
*934 Respondent bore this out-of-wedlock child at the age of 14 years while residing with her mother, two siblings and three cousins in a 3 ¥2 room apartment. The family subsequently obtained a larger five-room apartment in the suburbs. Respondent further entered an extended nurse training program which she did not complete. She also obtained paid employment from November, 1972 through September, 1975.
I have had previous occasion to write that in these matters under section 614 of the Family Court Act, the agency must sustain not only the ordinary plaintiffs burden of proof but also the special preliminary burden imposed by the statute (§ 614, subd 1, par [c]): "The authorized agency has made diligent efforts to encourage and strengthen the parental relationship and specifying the efforts made”. (Cf. Matter of Joyce Ann R., 82 Misc 2d 730.)
The parties are by no means dealing on an equal basis. The parent is by definition saddled with problems: economic, physical, sociological, psychiatric, or any combined thereof. The agency in contrast is vested with expertise, experience, capital, manpower and prestige. Agency efforts correlative to their superiority is obligatory.
The agency presents us with allegations of failure to contact and failure to plan. We find that the co-operation of this respondent through the years (including the test period) in moving to more spacious quarters, in engaging in prolonged educational training programs, and in obtaining successively better paying jobs constituted "planning” by conduct. Neither articulation nor abstract reasoning are a sine qua non to compliance where purposeful acts are significantly present.
As to the matter of "contacts” immediately prior to the test period I find that the excuses offered by respondent were usually adequate when viewed in light of the known nature, ability and age of the respondent. Moreover there were evidences of several additional but unrecorded and disputed visits prior to the test period. There were numerous, unsuccessful attempted telephone calls which the court is convinced were made to the agency during the test period but not entered in the case history whenever a meaningful contact was not effected.
However, we choose rather to rely for our decision here on the parallel (and to us shocking) failure of' the agency throughout the test period to efficiently explore the maternal grandmother as a known resource; or to make any overtures *935 to the natural mother even though they knew at the outset of that period: (1) the basic nature and limitations of the mother; (2) that she was experiencing an emotional sense of rejection and pessimism due to the repeated "teasing” by the foster mother in the presence of the child; (3) that respondent had co-operated in the past; (4) that respondent constantly verbalized her desire for her child.
The court agrees with counsel for the agency that the statute does not define "Agency efforts”; and that from a casework point of view, a rule imposing specific efforts would be both inappropriate and unrealistic. However this certainly does not condone prolonged agency inactivity at the obvious moment of crisis.
I find that the agency has failed to prove its compliance with the statute, or the respondent mother’s failure to comply.
Petition dismissed.

 (See Social Services Law, § 371, subd 10, par [b].)